UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

MARILYN WATKINS,                                          File no:

      Plaintiff,                                      Hon.

vs.

CATALPA SPEC EQUITY, LLC.,
a foreign corporation,                           **COMPLAINT AND
                                                 JURY DEMAND**

      Defendant.
_____/

William C. Failey (P74751)
Failey Law PLC
Attorney for Plaintiff
312 Fulton Street East
Grand Rapids, MI 49503
(616) 965-1088
bill@faileylaw.com
_____/

      NOW COME the Plaintiff, MARILYN WATKINS, by and through her attorneys,

FAILEY LAW PLC, and for her Complaint, state as follows:

## JURISDICTION AND VENUE

1.      Plaintiff is a resident of and citizen of the State of Indiana.

2.      Defendant is a foreign limited liability company, organized in the State of

Nevada.

3.      Defendant is a single member LLC.  The sole member of the LLC is Robyn

L. Mueller.  Mueller is a resident and citizen of the State of Michigan.

4.      Plaintiff makes a demand in excess of $75,000.00 and seeking both

economic and non-economic damages.

1

5.      A substantial part of the events or omissions giving rise to Plaintiff's claim herein occurred in this Judicial District, as this Judicial District is the one in which the events leading to Plaintiff's injuries occurred and in which the majority of evidence is located.

6.      For the above reasons, this Court has jurisdiction over the subject matter of this proceeding pursuant to 28 USC 1332.

7.      For the above reasons, this Court is also the proper venue over the subject matter of this proceeding pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

8.      On July 25, 2017, the Plaintiff, Marilyn Watkins, entered into a contract for a residential lease with Catalpa Spec Equities. The Defendant agreeing to rent the premises known as 44 Hawks Nest Glen Arbor, MI 49636, a single family home, to the Plaintiff.

9.      The lease required the Defendant keep the premises in reasonable repair during the term of the lease and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises was located.

10.      Defendant, Catalpa Spec Equities, is the titled property owner of 44 Hawks Nest #44, Glen Arbor, MI 49636.

11.      Defendant, Catalpa Spec Equities, is the property manager and landlord of 44 Hawks Nest #44, Glen Arbor, MI 49636.

12.      On July 25, 2017, upon arriving at the premises, the Plaintiff, unknowingly and unable to detect a differential in the floor, walked into a sunken bedroom causing her to fall forcefully to the ground.  The step into the sunken bedroom

was approximately greater than 12 inches and was unreasonably dangerous and undiscoverable at the time of Plaintiff's fall.  Sunken bedrooms are incredibly rare, moreover, the step was unmarked and there were no signs or warnings to indicate that steps were present in the dark bedroom.

13.    That at said times and place, Defendant was the property owner, manager, and lessor, of the property.

14.    That at all relevant times, the Plaintiff was acting reasonably, and was not comparatively negligent in any way.


**COUNT I**
**NEGLIGENCE, GROSS NEGLIGENCE OF**
**AND DEFENDANT CATALPA EQUITIES**

15.    Plaintiff restates, re-alleges, and incorporates paragraphs stated above as though fully set forth herein.

16.    At all relevant times, and pursuant to Michigan law, Defendant owed a duty to act with ordinary care for the safety of the public, and specifically, to the tenant Plaintiff, Marilyn Watkins, and, which duties include, but are not limited to, obeying all laws, statutes and city ordinances of the City of Glen Arbor, County of Leelanau, and State of Michigan.

17.    At all relevant times, Defendant had a duty to act as a reasonably careful landlord and property manager would act under the same or similar circumstances as existed at the time of the above described incidents.

18.    At all relevant times, Defendant breached their duties owed to Plaintiff in the following ways:

a) Leasing a residential apartment in a careless, negligent and heedless manner without due regard for the rights and safety of others, and more particularly, the Plaintiff herein; and without caution and circumspection as required by law; and in a manner so as to endanger or be likely to endanger property and persons, in violation of the common law;

b) Negligently failing to maintain the property in a fit and habitable condition;

c) Other acts of negligence not yet discovered.

19.     That all of the aforementioned breaches are in direct violation of the statutes and common laws of the State of Michigan and the housing ordinances of the City of Glenn Arbor and County of Leelanau, which governs this case.

20.     That at all times relevant hereto, Plaintiff was free from any negligence contributing in whole or in part to the occurrences outlined in this brief resulting in damages and injuries.

21.     That as the direct and proximate result of the negligence and/or gross negligence of Defendant, Catalpa Spec Equity LLC, alleged herein, Plaintiff, Marilyn Watkins has sustained a variety of serious and debilitating injuries specifically a fracture in her cervical spine requiring surgical intervention.

### COUNT II
### VIOLATION OF MCL 554.139
### LEASE OR LICENSEE OF RESIDENTIAL PREMISES

22.     Plaintiff restates, re-alleges and incorporates paragraphs stated above as though fully set forth herein.

23.     Plaintiff, Marilyn Watkins, leased a residential home from the Defendant.

24.     MCL 554.139 imposes a statutory duty on owners of residential properties to maintain their premises in reasonable repair during the term of the lease and to comply

with the applicable health and safety laws of the state and of the local unit of government where the premises are located.

25.     Defendant, Catalpa Spec Equities, had a statutory duty under MCL 554.139 to keep the premises in reasonable repair and the common areas fit for the use intended by the parties.

26.      Defendant breached this duty by not keeping the property in reasonable repair, and, specifically, by having a sunken bedroom that was in breach of the local and state housing codes and keeping the premises in reasonable repair or fit for the use intended by the parties.

27.     Defendant also breached this duty by failing to warn its new tenant of the sunken bedroom and steps in a room that would normally never have steps.

28.     As a direct and proximate cause of Defendant failing to keep the premises in reasonable repair, the Plaintiff suffered serious injuries.

29.     That prior to the occurrence of this incident, the Plaintiff was a reasonably strong and healthy person engaging in the normal activities of life.

30.     That the injuries Plaintiff sustained resulted in disability, restrictions, pain and suffering, mental anguish and loss of enjoyment of life.

31.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following serious injuries and damages:

A.  Fractured spine requiring acute posterior cervical fusion;

B.  Nerve damage to Plaintiff's neck;

C.  Severe immobility, loss of function;

D.  Permanent serious scarring;

E.  Past and future medical treatment and physical therapy;

F.  Loss of social, household, and recreational activities;

G.  Physical pain and suffering;

H.  Inability to exercise;

I.  Mental anguish;

J.  Emotional distress;

K.  Medical expenses past, present, and future;

L.  And other damages, injuries, and consequences related to the accident and that develop during the course of discovery.

## COUNT III
## PREMISES LIABILITY

32.     Plaintiff restates, re-alleges, and incorporates paragraphs stated above as though fully set forth herein

33.     That July 25, 2017, the Plaintiff was lawfully on the Defendant's premises as a business invitee and, at the time and place, Defendant failed to warn Plaintiff of a known hazard on Defendant's premises--the sunken bedroom and steps.  Moreover, the steps were unmarked and there were no signs or warnings to indicate danger or for patrons to utilize caution while walking into the bedroom.

34.     That it was the duty of the Defendant to its guests and invitees to maintain its premises in a reasonably safe condition, including providing a safe means of ingress and egress throughout the premises.  Notwithstanding this duty, Defendant breached this duty by failing to adequately build and/or maintain the sunken bedroom, which caused Plaintiff's injuries.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following serious injuries and damages:

A.  Fractured spine requiring acute posterior cervical fusion;

B.  Nerve damage to Plaintiff's neck;

C.  Severe immobility, loss of function;

D.  Permanent serious scarring;

E.  Past and future medical treatment and physical therapy;

F.  Loss of social, household, and recreational activities;

G.  Physical pain and suffering;

H.  Inability to exercise;

I.  Mental anguish;

J.  Emotional distress;

K.  Medical expenses past, present, and future;

L.  And other damages, injuries, and consequences related to the accident and that develop during the course of discovery.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $75,000.00, plus costs, interest, and attorney fees.

/s/ William C. Failey

Dated:  July 24, 2020

_____
William C. Failey (P74751)
Failey Law PLC
Attorneys for Plaintiff
312 Fulton Street East
Grand Rapids, MI 49503
(616)  965-1088
bill@faileylaw.com

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury.

Dated:  July 24, 2020

/S/ William C. Failey
_____
William C. Failey (P74751)
Failey Law PLC
Attorneys for Plaintiff
312 Fulton Street East
Grand Rapids, MI 49503
(616) 965-1088
bill@faileylaw.com